# Rondinella *v.* Metropolitan Life Insurance Company, Appellant.

*Insurance—Life insurance—Proof of death—Evidence.*

Where proofs of death are offered for the sole purpose of showing compliance with the condition precedent of the policy to the right to sue, and the defendant offers no evidence, the proofs cannot be used as proof of a breach of warranty apparent on the face of the papers.

Argued Oct. 19, 1905. Appeal, No. 118, Oct. T., 1905, by defendant, from judgment of C. P. No. 2, Phila. Co., Dec. T., 1897, No. 742, on verdict for plaintiff in case of Ferdinand Rondinella, Guardian of Joseph Rizzo et al., Minors, v. Metropolitan Life Insurance Company. Before RICE, P. J., BEAVER, ORLADY, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Judgment on verdict for plaintiff. Before WILTBANK, J.

The opinion of the Superior Court states the case.

Verdict and judgment for plaintiff for $1,455. Defendant appealed. See 18 Pa. Superior Ct. 613 and 24 Pa. Superior Ct. 293.

*Error assigned* was in refusing binding instruction for defendant.

*Arthur G. Dickson*, with him *Dickson, McCouch & Glasgow*, for appellant.

*Frederick A. Sobernheimer*, with him *William A. Gray*, for appellee.

OPINION BY RICE, P. J., March 12, 1906:

So far as the terms and conditions of the policy in suit, the statements in the application therefor and the statements in the proofs of death are concerned this case does not differ essentially from the case of Baldi v. Metropolitan Life Insurance Company, *ante*, *p.* 213, in which we this day file an opinion. But, as intimated in that case, the restricted purpose for which alone the plaintiff offered and the court admitted the proofs

of death is more explicitly stated in the record of the evidence. The offer as stated by counsel was : " I will offer the proofs of death for the consideration of the court, in order that the court may determine, as a preliminary matter, whether there has been a sufficient compliance with the conditions precedent in the policy, with reference to the furnishing of the proofs." The objection to this offer was overruled and an exception noted for the defendant. The plaintiff offered in evidence no explanation of the discrepancies between the statements contained in the proofs of death and the statements contained in the application, and the defendant offered no evidence whatever. As the case stood when the plaintiff rested, the policy had been put in evidence, together with the defendant's admissions that the premiums had been duly paid, that the plaintiff was duly appointed guardian and that the insured died on September 11, 1897. The proofs were produced by the defendant upon plaintiff's call and showed on their face sufficient compliance with the condition of the policy with reference to furnishing proofs of death. It is thus seen that the question raised by the single assignment of error, which is to the refusal of the court to give binding instructions for the defendant, is the same as the question considered by us in the Baldi case. For the reasons there given the assignment is overruled and the judgment affirmed.